*Compiler of Law /Law Library*

## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )
)  **CRIMINAL CASE NO. CM0178-08**
vs. )
)  **DECISION AND ORDER**
RAYMOND M. PEREZ, )
)
Defendant. )
)

### INTRODUCTION

This matter came before the Honorable Judge Steven S. Unpingco on the Defendant Raymond M. Perez's Motion for Diversion, filed November 20, 2008. Oral arguments were heard on February 16, 2009. Attorney F. Randall Cunliffe appeared on behalf of the Defendant and Assistant Attorney General Sally A. Tobin appeared on behalf of the Government. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On March 28, 2008 the Defendant was charged by Magistrate's complaint with causing his hand to touch the vaginal area of his wife's daughter while she slept in violation of 9 GCA §§ 25.30(a)(2) and (b). Because the victim is the Defendant's step-daughter, he requested the Prosecutor for diversion pursuant to 9 GCA § 30.80. The Prosecutor did not agree to diversion, and so a hearing on the matter was held on February 16, 2009 pursuant to 9 GCA § 30.80.1.

### DISCUSSION

Guam law provides for diversion from criminal proceedings for any criminal act against family or household members. *See* 9 GCA § 30.80. Family and household members are defined to include adults or minors who live together or have lived together and adults or minors who are related by marriage. *See* 9 GCA § 30.10(b).

In this case, the Defendant is alleged to have caused his hand to touch the vaginal area of his wife's daughter, who lived in their home at the time. The victim is a family or household member under 9 GCA § 30.10(b) because she used to live with the Defendant and she is related

Page 1 of 3

to the Defendant by marriage. Pursuant to the statutory definition, the Defendant's relationship falls within the ambit of a family or household member.

Under 9 GCA § 30.80(a), a Defendant may be eligible for diversion if they have no prior felony convictions or prior family violence diversions and if the current charge does not involve serious bodily injury or sexual penetration as defined by 9 GCA § 25.10(a)(9).

In this case, the Defendant has no prior criminal or family violence record and he is accused of sexual touching as defined by 9 GCA § 25.10(a)(8) in violation of 9 GCA § 25.30(a)(2) and (b). His offense does not involve serious bodily injury or sexual penetration as defined by 9 GCA § 25.10(a)(9). Based on no prior felony convictions or family diversions and the nature of the Defendant's offense, the Defendant may be eligible for diversion.

Diversion under 9 GCA § 30.80 however is not spontaneous; a Defendant who is unable to obtain the consent of the Prosecutor must petition the Court by noticed motion for an order granting diversion. *See* 9 GCA § 30.80(b)-(e).

In this case, the Defendant petitioned the Court by noticed motion for an order granting diversion. The Prosecutor objects to his diversion because the Defendant is charged with criminal sexual conduct, not a family violence offense, and criminal sexual offenses do not apply to family violence diversion. However, the plain language of 9 GCA § 30.80 applies diversion to "any criminal act against a family or household member as defined in subsection (b) of § 30.10 of this title." As discussed above, § 30.10(b) of the family violence title defines family or household members as related by marriage or living together, and the victim in this case is a family and household member of the Defendant. Furthermore, 9 GCA § 30.80(a)(4) specifically considers criminal sexual acts that involve sexual penetration against family or household members and disqualifies those offenses from diversion. For these reasons, the diversion provisions of the family violence title clearly apply to criminal sexual conduct offenses where the victim is a family member and where other eligibility requirements are met. Although the Prosecutor objects on the basis that family violence diversion does not apply to the criminal sexual offenses, the Court does not agree. The Defendant may be eligible for diversion.

Under 9 GCA § 30.80.1 and upon the noticed motion of a Defendant for diversion, the Court must hold a hearing to consider several factors and render a decision granting or denying diversion.

In this case, on the basis of the February 16, 2009 hearing for the Defendant's Motion for Diversion, the Court makes the following findings: 1) by virtue of his petition for diversion, the Defendant consents to further proceedings in this matter; 2) the Defendant waived his right to a speedy trial at his arraignment on April 16, 2008; and 3) the Defendant should be diverted from these criminal proceedings and referred for an education and treatment program directed specifically to his criminal sexual conduct. Furthermore: 1) the victim's alleged injury was singular and did not involve serious bodily harm or sexual penetration; 2) the Defendant does not have a history of family violence offenses; 3) the victim also no longer lives with the Defendant and the Defendant does not wish to have contact with the victim; and 4) the hearing produced no other factors that would adversely affect the Defendant's likelihood of successful completion of the diversion program. For these reasons, the Defendant may benefit from a diversion program and an order for diversion is appropriate.

Further proceedings in this matter shall be held in order to determine: 1) the nature and type of education and treatment program that may be appropriate for the Defendant; 2) the Defendant's ability to pay in whole or in part for the expense of the education and treatment program; and 3) the Defendant's proposal to sign a consent to enter diversion for a period of one to three (1-3) years with stay away conditions. After these proceedings, the Court may enter the order for diversion and exonerate any bail bond pursuant to 9 GCA § 30.80.1(b).

///

## CONCLUSION

Based upon the foregoing, the Defendant's Motion for Diversion is hereby GRANTED and Further Proceedings shall be held on __MAR 2 6 2009__ at __10:30 AM__ before a final order for diversion is entered.

**MAR 1 0 2009**
**SO ORDERED this ____ day of March, 2009.**

Original Signed By:
Hon. Steven S. Unpingco

**HONORABLE STEVEN S. UNPINGCO**
**Judge, Superior Court of Guam**

Page 3 of 3